IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALVIN ALEXANDERSON,

                Plaintiff,

     v.

JAMES GORDON MONROE,
CAROLYN DALE MONROE, and
C-LAZY-K RANCH, INC.,

                Defendants.

No. 3:13-cv-00813-HZ

OPINION & ORDER

Alvin Alexanderson, Pro Se
4219 NW 328th Street
Ridgefield, WA 98642

Michael W. Peterkin
222 NW Irving Avenue
Bend, OR 97701

       Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Alvin Alexanderson brings this action to quiet title to an easement over

Defendants' land.  Defendants move to dismiss because of claim and issue preclusion.

Defendants argue that Plaintiff is barred from bringing this action because the matter was

litigated to completion in a state court action.  I agree that Plaintiff is barred by claim preclusion

from bringing this action.  I grant Defendants' motion to dismiss.

BACKGROUND

Plaintiff Alexanderson is the owner of two adjacent properties in Jefferson County,

Oregon.  First Am. Compl. ¶ 1.  Defendants James and Carolyn Monroe own property along the

eastern border of Alexanderson's properties.  Id. at ¶ 2.  Defendant C-Lazy-K Ranch, Inc. owns

property to the southeast of Alexanderson's properties.  Id. at ¶ 3.

The parties in this case were previously involved in a state court action in Jefferson

County, Oregon.  Burgess Decl. Ex. 1 at 1.[1]  In the state action, Alexanderson pled several

counterclaims against the Monroes and C-Lazy-K Ranch.  Id. at Ex. 1 at 6-21.  The

counterclaims state various legal theories to establish access to a road over the Monroes' and C-

Lazy-K Ranch's properties.  Id.  In particular, the theory of access in Alexanderson's fourth,

fifth, sixth, and seventh counterclaims of the state court action are by easements.  Id. at 9-17.  A

four-day trial was held in August 2007.  Id. at Ex. 2 at 1.  The primary issue was whether

Alexanderson had any "public or private rights to use a disputed road across [the Monroes' and

---

[1] Defendants attached two exhibits to the Burgess Declaration in support of their motion to
dismiss:  (1) Alexanderson's fourth amended answer in the state action and (2) the May 22, 2013
general judgment in the state action.  Burgess Decl. Exs. 1-2.  It is appropriate to consider facts
not in a complaint if they may be judicially noticed under Rule 201, are incorporated by
reference by the plaintiff, or are matters of public record.  Dunn v. Castro, 621 F.3d 1196, 1204
n10 (9th Cir. 2010); Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  The
two exhibits submitted by Defendants are public record documents related to the state court
action.  I will consider these two exhibits.

C-Lazy-K Ranch's] properties[.]"  Id. at Ex. 2 at 2.  The trial court made rulings, and

Alexanderson appealed the decision to the Oregon Court of Appeals.[2]  Id.  Upon remand, the

trial court concluded that Alexanderson did not have a right to access the portion of the road over

the Monroes' and C-Lazy-K Ranch's properties.  Id. at Ex. 2 at 4.

Alexanderson filed this case on May 14, 2013, eight days before the judgment had

entered in the state court action.  Burgess Decl. ¶ 4; Ex. 2.  In the present case, Alexanderson

asks this court to grant an easement over the same properties and at the same location as in the

state court action.  First Am. Compl. ¶¶ 13-14.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of the claims.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "All allegations of material

fact are taken as true and construed in the light most favorable to the nonmoving party."  Am.

Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002).  However, the

court need not accept conclusory allegations as truthful.  Warren v. Fox Family Worldwide, Inc.,

328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory

allegations which are contradicted by documents referred to in the complaint, and we do not

necessarily assume the truth of legal conclusions merely because they are cast in the form of

factual allegations.") (quotation and citations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds"

of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative

---

[2] The general judgment from the state action does not specify the rulings of the trial court.

level…on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quotation omitted). Additionally, "only a complaint that states a plausible claim for relief

survives a motion to dismiss." Id. at 679. The complaint must contain "well-pleaded facts"

which "permit the court to infer more than the mere possibility of misconduct." Id.

## DISCUSSION

Plaintiff Alexanderson states one claim against Defendants—quiet title to an easement

appurtenant that originated by an act of Congress. First Am. Compl. 2-3. Defendants move to

dismiss, arguing that the prior state court action prohibits Alexanderson from bringing this case

because of claim and issue preclusion. Defs.' Mem. 6-8. I agree that Alexanderson's claim is

barred by claim preclusion.

To determine the preclusive effect of a state court judgment, the court looks to state law.

Henrichs v. Valley View Dev., 474 F.3d 609, 615 (9th Cir. 2007). In Oregon,

> [t]he doctrine of claim preclusion prohibits a party from relitigating the same
> claim or splitting a claim into multiple actions against the same opponent. The
> rule forecloses a party who has litigated a claim against another from further
> litigation on that same claim on any ground or theory of relief that the party could
> have litigated in the first instance. A "claim" is defined broadly as a group of
> facts which entitled the plaintiff to relief.

Ram Technical Servs., Inc. v. Koresko, 247 P.3d 1251, 1257 (Or. Ct. App. 2011) (internal

quotation omitted). Therefore, to prevail on the basis of claim preclusion, a defendant must

establish that the claim in the second action (1) "is one which is based on the same factual

4 - OPINION & ORDER

transaction that was at issue in the first," (2) "seeks a remedy additional or alternative to the one

sought earlier," and (3) "is of such a nature as could have been joined in the first action." Rennie

v. Freeway Transport, 656 P.2d 919, 921 (Or. 1982).

The parties dispute that the claim in this case and the claims in the state court action arise

from the same factual transaction. "In deciding whether a group of facts is part of the same

claim, we inquire whether the transactions were related in time, space, origin, or motivation, and

whether they form a convenient unit, as well as whether they were substantially of the same sort

and similarly motivated." Ram Technical Servs., 247 P.3d at 1257. With respect to all these

factors, the prior state action and the current action are related in time, space, origin, and

motivation. The two cases involve the same parties and the same properties. The origin and

motivation for the two cases are the same as well. Alexanderson sought a right of way over

Defendants' properties, and Defendants refused to allow Alexanderson access.

Alexanderson argues that the prior state court action and the present case do not share the

same factual transaction. In this case, Alexanderson presents a legal theory that he did not argue

in the state court action. Compl. ¶¶ 18-19. Under this theory, Alexanderson alleges that he has

right to access an easement that was granted by an act of Congress. Id. at ¶ 16. The transaction,

i.e., the grant of the easement, was completed in 1891. Pl.'s Resp. 9. Alexanderson argues that

the state court action does not involve facts concerning the grant of land between the United

States and Oregon, and any facts involved all happened after 1891. Id. at 9-10. I am not

persuaded by Alexanderson's argument. Although the legal theory presented in the present case

is different, the facts surrounding the parties, properties, origin, and motivation for cases are the

same.

5 - OPINION & ORDER

The remedy sought and the nature of the claims in both the prior state court action and the present case are the same as well. Alexanderson seeks access to his property via an easement over Defendants' properties. There is no reason why Alexanderson could not have brought his current claim in the prior state action, other than his belief that such a claim was "speculative." Compl. ¶ 19.[3] Alexanderson's claim is barred by claim preclusion. I need not address Defendants' second argument that Alexanderson's claim is barred by issue preclusion.

CONCLUSION

Based on the foregoing, Defendants' motion to dismiss (#13) is granted.

IT IS SO ORDERED.

Dated this __12__ day of November, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge

---

[3] The legal authorities on which Alexanderson relies upon in the present case are Ninth Circuit cases from 2008 and 2010. Compl. ¶ 15. The general judgment in the prior state action was entered in May 2013 (Burgess Decl. ¶ 4; Ex. 2), well after these legal authorities issued.

6 - OPINION & ORDER